IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CRISTAL L. FOX, et al.** **Plaintiffs,** v. **THE BROWN MEMORIAL HOME, INC., et al.,** **Defendants.** | Case No. 2:09-cv-915 JUDGE EDMUND A. SARGUS, JR. MAGISTRATE JUDGE NORAH MCCANN KING |

## OPINION AND ORDER

Plaintiffs Christal L. Fox and John Fox brought this action in the Court of Common Pleas for Pickaway County, Ohio, against Defendants Brown Memorial Home, Inc. ("Brown Memorial"), Judy Dennis, Harold Cullum, William Sprout, Charles Gerhardt, Helen Ruff, Paul Roan, Debbie Speakman, Robert McKelvey, and Wayne Hatfield (collectively, "Defendants") for damages relating to the termination of Plaintiffs' employment with Brown. Plaintiffs' complaint alleged eight causes of action. Ms. Fox alleged Breach of Contract (Claim 1); Breach of Implied Covenant of Good Faith and Fair Dealing (Claim 2); Age Discrimination under Federal and State Law (Claim 3); Sex Discrimination under Federal and State Law (Claim 4); Violation of Public Policy (Marriage Discrimination) (Claim 5); and Slander (Claim 6). Mr. Fox alleged Breach of Contract (Claim 7); and Retaliation (Claim 8).

Defendants removed the case to this Court on the basis of Ms. Fox's federal age discrimination claim. On Defendants' Motion for Partial Judgment on the Pleadings, this Court dismissed Ms. Fox's claims for Breach of Implied Covenant of Good Faith and Fair Dealing (Claim 2); Sex Discrimination under Federal and State Law (Claim 4); and Violation of Public

Policy (Marriage Discrimination) (Claim 5); and it dismissed Mr. Fox's Retaliation claim (Claim 8).

This matter is now before the Court for consideration of Defendants' Motion for Summary Judgment (Doc 25.) on Plaintiffs' remaining claims, namely Ms. Fox's claims for Breach of Contract (Claim 1); Age Discrimination under Federal and State Law (Claim 3); and Slander (Claim 6); and Mr. Fox's Breach of Contract claim (Claim 7). For the reasons that follow, the Motion is **GRANTED** as to Plaintiff's federal age discrimination claim only, and the case is **REMANDED** to the Court of Common Pleas for Pickaway County, Ohio for further proceedings on the remaining state-law claims.

## I. **Background**

Because the disposition of Defendants' Motion for Summary Judgment rests upon a purely procedural issue, a detailed recitation of the underlying facts is unnecessary. The following brief summary will suffice for present purposes.

Brown Memorial is a nursing home facility which is governed by a Board of Directors. Defendants Cullum, Sprout, Gerhardt, Ruff, Roan, Speakman, McKelvey, and Hatfield serve on the Board of Directors in various capacities. Defendant Dennis is the Administrator of Brown Memorial. Plaintiffs are former employees at Brown Memorial. Ms. Fox and Mr. Fox worked at Brown—she from 1985, he from 1983—until 2009, when the Board terminated their employment.

Ms. Fox was originally hired at Brown as a Nursing Assistant or Nurse Aide. During her tenure at Brown, she earned two nursing certifications, one as a Licensed Practical Nurse (L.P.N.) and one as a Registered Nurse (R.N.), and she received several promotions, eventually serving as Director of Nursing. At the time of her termination, her immediate supervisor was her

spouse, Plaintiff John Fox, who held the position of Administrator. Ms. Fox alleges that, over the course of the years, Mr. Fox, in his capacity as Administrator, repeatedly promised Ms. Fox that she would be employed by Brown until she retired. Insofar as her complaint alleges a claim for age discrimination under federal law, Ms. Fox argues that in the weeks before she was terminated, Defendant William Sprout stated to Mr. Fox: "[I]f you have been here more than 10 years, you need to get a new set of eyes to look at things because, otherwise, you are only doing housekeeping chores." Pls.' Mem. Contra to Second Summ. J. Mot., 16 (citing J. Fox Dep., 109-111). In addition, Ms. Fox contends that she was the only employee with ten years of continuous service who was terminated, that at the time of her termination she was fifty-five years old, and that her replacement is substantially younger.

## II. Standard of Review

Defendant has moved for summary judgment under Civil Procedure Rule 56. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.*, 489 F.3d at 279–80 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

3

### III. Analysis

#### A. *Federal Age Discrimination Claim under the ADEA*

Christal Fox's federal age discrimination claim must be dismissed because she has failed to exhaust her administrative remedies. The Age Discrimination in Employment Act requires a claimant to file a charge of unlawful discrimination with the Equal Employment Opportunity Commission ("EEOC") before bringing suit in federal court. 29 U.S.C. § 626(d); *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 758 (1979); *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 194 (6th Cir. 1995). The exhaustion requirement is designed "to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). An ADEA plaintiff's failure to exhaust administrative remedies renders the complaint subject to dismissal. Such failure is not, however, a jurisdictional defect, but rather a condition precedent that is subject to equitable tolling or that may be waived by the parties or the court. *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998).

In this case, Christal Fox has admitted that she did not file a discrimination charge with the EEOC or with the Ohio Civil Rights Commission before bringing her ADEA claims, and she does not allege that she has done so since. The record is devoid of any evidence that Ms. Fox has at any time pursued her age discrimination claim with the appropriate federal or state administrative agencies. Moreover, Ms. Fox offers no explanation for her failure to exhaust her administrative remedies relating to her claims in this suit, nor does she argue that her failure should be waived, tolled or otherwise excused. This Court discerns no reason to waive the exhaustion requirement in this action. Accordingly, Ms. Fox's federal age discrimination claim under the ADEA is dismissed for failure to exhaust administrative remedies.

**B.     *State Law Claims***

Having dismissed the only claim providing independent federal jurisdiction,[1] this Court must now determine whether to exercise supplemental jurisdiction over the parties' remaining state-law claims.[2] The statutory provisions governing supplemental jurisdiction are set forth at 28 U.S.C. § 1367, which states, in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . .
> . . .
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. 1367(a), (c)(3). The United States Court of Appeals for the Sixth Circuit explains that supplemental jurisdiction exists if the following three prerequisites are met: (1) the federal claim has "substance sufficient to confer subject matter jurisdiction on the court"; (2) the state and federal claims "derive from a common nucleus of operative fact"; and (3) "the claims [are] such that plaintiff would ordinarily be expected to try them in one judicial proceeding." *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)). The parties in this action do not dispute that the state-law claims in this action meet the prerequisites of supplemental jurisdiction. Rather, they dispute whether this Court should, in the exercise of its discretion, retain the matter or remand it to state court.

---

[1] This case presents no issues of diversity jurisdiction, given that all parties are citizens of Ohio.

[2] In addition to the Plaintiffs' state-law claims that remain, Defendants have asserted the following counterclaims arising in state law: breach of duty of loyalty and good faith, contribution, fraud, and indemnification.

5

In *Carlsbad Technologies, Inc. v. HIF Bio, Inc.,* 129 S. Ct. 1862, 1866-67 (2009), the United States Supreme Court emphasized that, once a district court has dismissed every claim over which it had independent jurisdiction, the decision to exercise supplemental jurisdiction over a remaining state-law claim is "purely discretionary." In its most recent treatment of the subject, the Sixth Circuit recognized that district courts possess "broad discretion" to decide whether to exercise supplemental jurisdiction over state-law claims that fall within the purview of Section 1367. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (quoting 28 U.S.C. § 1367(a)).[3] Indeed, in a concurring opinion in *Carlsbad Technologies*, Justice Breyer wrote: "All agree that the law grants the District Court broad discretion to determine whether it should keep such cases on its docket . . . ." *Carlsbad Techn.,*129 S. Ct. at 1869 (Breyer, J. concurring).

In *Gamel*, the Sixth Circuit observed that district courts must engage in a balancing test involving several factors in determining whether to retain jurisdiction over state-law claims. *Gamel*, 625 F.3d at 951-52. If the balance of factors in a removed case weighs against exercising jurisdiction, remand is the appropriate course of action. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754 (6th Cir. 2000).

When a district court dismisses all claims over which it had original jurisdiction, the balance of considerations is likely to weigh in favor of declining to exercise supplemental jurisdiction. *Id.* at 952 (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of

---

[3] Previous Sixth Circuit cases, decided before *Carlsbad Technologies*, assigned a more constrained role for a district court's exercise of discretion in determining whether to retain supplemental jurisdiction. *See, e.g., Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised *only* in cases where the 'interests of judicial economy and the avoidance of multiplicity of litigation' outweigh our concern over 'needlessly deciding state law issues.'") (quoting *Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 2006) (in turn quoting *Aschinger v. Columbus Showcase Co.,* 934 F.2d 1402, 1412 (6th Cir. 1991)) (emphasis added).

6

considerations *usually* will point to dismissing the state law claims, or remanding them to state court if the action was removed") (emphasis added)). Nevertheless, a number of countervailing factors may tip the balance toward retaining supplemental jurisdiction. *Id.* (citing *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 211-12 (6th Cir. 2004) (upholding district court's decision to retain supplemental jurisdiction where plaintiff's decision to dismiss federal-law claims was made for purposes of forum manipulation after case had been on district court's docket for eleven months; discovery had closed, summary-judgment motions had been filed and were ripe for disposition, and the district court was familiar with the facts of the case and already had invested significant time in the litigation)). *See also Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (upholding district court's decision to retain supplemental jurisdiction where the matter had been on the court's docket for nearly two years; discovery had closed, and the parties had compiled a voluminous record; plaintiff abandoned his federal claim only upon the filing of an amended complaint; and the parties had prepared extensive briefs in support of a summary judgment motion that was ripe for review); *Fossyl v. Miiligan*, 317 F. App'x 473 (6th Cir. 2009) (upholding district court's retention of supplemental jurisdiction where balance of factors weighed against remand).

The Sixth Circuit has not expressly stated a comprehensive list of factors comprising the balancing test. An abundance of Sixth Circuit cases, however, discuss the various circumstances involved in making the supplemental jurisdiction determination. Those cases reveal the following considerations which lower courts in our circuit should weigh: convenience, comity, fairness, and judicial economy, *Gamel*, 625 F.3d at 951-52 (citing *Cohill*, 484 U.S. at 350; *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)); whether the plaintiff has used "manipulative tactics" to secure state forum, *Harper v. AutoAlliance Intern.,*

7

*Inc.*, 392 F.3d 195, 211 (6th Cir. 2004) (citing *Cohill*, 484 U.S. at 350); and the difficulty or novelty of the state law issues, *Province v. Cleveland Press Publishing Co.*, 787 F.2d 1047, 1055 n. 11 (6th Cir. 1986).[4] The factors of judicial economy, fairness, and comity are further informed by the following more specific considerations: whether the district court should avoid needless state law decisions, *Landefeld*, 994 F.2d at 1182; *Province*, 787 F.2d at 1055 ("'Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'") (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); whether the district court, in its disposition of federal-law claim, resolved a related state-law issue, *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521-22 (6th Cir. 2007)); whether similar predicate factual findings are necessary to resolve both the state and the federal claims, *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991) (citing *Province*, 787 F.2d at 1055); whether the district court has expended significant time and resources, *id.*, 934 F.2d at 1413; whether dismissal or remand will result in duplicative litigation, *Province*, 787 F.2d at 1054; *Landefeld*, 994 F.2d at1182; whether the matter has been on the district court's docket for a significant time, *Harper v. AutoAlliance, Intern., Inc.*, 392 F.3d 195, 211 (6th Cir. 2004); *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992); whether the parties have completed discovery, *Aschinger*, 934 F.2d at 1413; *Harper*, 392 F.3d at 211; *Taylor*, 973 F.2d at 1287; whether plaintiff has abandoned all federal claims at a late stage of the proceedings, *Harper*, 392

---

[4] This consideration is now covered separately by 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim in subsection (a) if . . . the claim raises a novel or complex issue of State law.") Although the Court does not believe that this case raises a particularly novel or complex state-law issue warranting remand under § 1367(c)(1), the resolution of Plaintiff Christal Fox's breach of implied contract claim would require this Court to address a developing area of Ohio law, which implicates the interest of comity and is therefore an appropriate consideration in deciding whether to retain supplemental jurisdiction under § 1367(c)(3). *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (needless decision on state-law issues implicates interest of comity).

8

F.3d at 211; *Taylor*, 973 F.2d at 1287; whether the district court has gained significant familiarity with the case through previous substantive rulings, *Harper*, 392 F.3d at 211; and whether a summary judgment motion has been filed and is ripe for review and, if so, how extensively it has been briefed, *Taylor*, 973 F.2d at 1287.

Although this case presents a close call, the Court concludes that the factors on balance weigh in favor of remand to the state court. Some factors suggest that exercising supplemental jurisdiction would be appropriate. The case has been on this Court's docket for slightly more than year, and a motion for summary judgment has been fully briefed and is ripe for review. However, the record compiled by the parties is not particularly lengthy, and although the parties have undertaken and completed discovery, they have done so without the need of Court intervention. In addition, the Court has previously issued but one substantive ruling on the parties' claims.

As for the motion presently under consideration, the Court has disposed of the federal-law claim on a purely procedural matter and, therefore, did not reach the substantive merits of that claim. Accordingly, the Court disposed of the federal-law issue without resolving the related state-law claim. Moreover, the only factual finding made by the Court in resolving the federal-law claim was whether Plaintiff Christal Fox exhausted her administrative remedies. This factual finding does not implicate the remaining state-law claims in any manner.

Furthermore, the need to avoid duplicative litigation does not appear to be implicated. On remand, the parties will presumably resume litigating their claims in state court at the same procedural juncture where they left off in federal court. In addition, all of the parties, witnesses and evidence are located in Circleville, Ohio. Thus, the state court is at least as convenient as the federal forum. Moreover, while it is true that the federal claim survived the earliest stages of

9

litigation in this Court, its disposition at a later stage was prompted by Defendants' motion for summary judgment; Plaintiffs did not abandon their federal claim in an effort to manipulate the forum.

Finally, weighing most heavily in favor of remand is the interest in comity—in particular, the avoidance of needlessly deciding a state-law issue. This factor is most strongly implicated by Plaintiff Christal Fox's breach of implied contract claim. With respect to that claim, the parties dispute, among other things, whether plaintiff's forbearance in seeking employment elsewhere constitutes consideration sufficient to create an implied contract modifying the at-will employment relationship. This appears to be a developing area of Ohio law, as interpreted by the United States Court of Appeals for the Sixth Circuit.[5] Given the dismissal of Plaintiff's federal-law claim here, this Court believes that the interest of comity weighs heavily against needlessly deciding this state-law issue.

---

[5] Defendants direct this Court's attention to *Humphreys v. Bellaire Corp.*, 966 F.2d 1037, 1041 (6th Cir. 1992), for the proposition that forbearance from seeking other employment does not constitute consideration under Ohio law (citing *Henkel v. Educ. Res. Council of Am.*, 344 N.E.2d 118, 121-22 (Ohio 1976)). However, a subsequent case decided by the United States Court of Appeals for the Sixth Circuit, *Pertz v. Edward J. DeBartolo Corp.*, 188 F.3d 508 (6th Cir. 1999), observed: "Although we are not aware of an Ohio Supreme Court case deciding this issue, the *clear trend* in Ohio is that an employee's continued service and loyalty following an employer's promise provides sufficient consideration for an implied employment contract, when the promisee had been an at-will employee." (emphasis added) (citing *Tersigni v. General Tire, Inc.*, 633 N.E.2d 1140, 1142-43 (Ohio App. 1993); *Nichols v. Waterfield Fin. Corp.*, 577 N.E.2d 422, 423 (Ohio App. 1989); *Canter v. Tucker*, 674 N.E.2d 727, 730 (Ohio App. 1996); *Stites v. Napolean Spring Works*, Inc., No. F-96-002, 1996 WL 660655, at *4 (Ohio App. Nov. 15, 1996)). In 2005, the Sixth Circuit concluded that *Lake Land Employment Group of Akron v. Columber*, 804 N.E.2d 27, 32 (Ohio 2004), a recent Ohio Supreme Court case concerning consideration furnished in the context of a non-compete clause, supported the proposition that, even when a contract claim does not involve a non-compete clause, "'if consideration were required to modify [an] at-will employment contract, ... continued employment [would be] sufficient consideration to modify the contract.'" *Whisman v. Ford Motor Co.*, 157 F. App'x 792, at *8 (6th Cir. 2005) (quoting *Nichols*, 577 N.E. at 423)). Thus, although the courts in Ohio appear to be moving away from the rule announced by the Sixth Circuit in *Humphreys*, the Ohio Supreme Court has not specifically addressed the issue. This Court takes no position on the proper resolution of this issue. This Court mentions the above-cited caselaw merely to note that there are issues that need to be resolved and that, absent a surviving federal claim, this is not the forum to resolve them.

10

Having considered the interests of comity, fairness, convenience, and judicial economy, as guided by the additional factors provided by the Sixth Circuit caselaw discussed above, the Court concludes that this action should be remanded to state court.

## IV. Conclusion

For the reasons discussed above, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's federal age discrimination claim. The remaining claims in this case are **REMANDED** to the Court of Common Pleas for Pickaway County, Ohio for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

    1-6-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**